AMERICAN PACIFIC TEXTILE, INC.; et al., Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Hong Kong Entertainment (Overseas) Investment, Ltd. and Rifu Apparel Corporation, Plaintiffs–Appellants,

v.

United States of America, Defendant–Appellee.

Nos. 13–16348, 13–16355.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2015.

Filed Dec. 17, 2015.

Alexis Ann Fallon, Fallon Law Office, Southborough, MA, Gregory J. Koebel, Esquire, O'C onnor Berman Dotts & Banes, Saipan, MP, David W. Axelrod, Sara Kobak, Esquire, Schwabe, Williamson & Wyatt, Portland, OR, for Plaintiff–Appellant.

Jessica Friday Cruz, Esquire, Assistant U.S., Office of the U.S. Attorney, Hagatna, GU, Teresa T. Milton, Jennifer Marie Rubin, Landon Yost, Bridget Maria Rowan, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

---

**2.** Because the record does not demonstrate that Shang "is more likely than not to be tortured in" China, however, we do not re-

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

## MEMORANDUM[*]

1. Plaintiffs–Appellants, thirteen corporate employers of thousands of foreign nonresident temporary garment factory workers between 2004 and 2008 in the Commonwealth of the Northern Mariana Islands ("CNMI"), appeal the entry of judgment on the pleadings in favor of the United States in these consolidated cases. The district court held that temporary foreign workers in the CNMI and their employers are required to pay Federal Insurance Contributions Act ("FICA") taxes, which fund Social Security and Medicare. For the reasons stated in our opinion in *Ai v. United States*, appeal No. 13–17491, published today, we affirm the district court.

2. The district court may have abused its discretion in staying discovery pending the government's motion for judgment on the pleadings as the discovery related to the question of statutory interpretation at issue in the government's motion. However, any error was harmless as the district court considered the congressional record in construing Covenant § 606(b) to the extent that any consideration of legislative history was necessary or relevant. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir.2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" (citation omitted)); *Alaska Cargo Transp., Inc. v. Alaska R.R.*, 5 F.3d 378, 383 (9th

Cir.1993) (decision to stay discovery reviewed for an abuse of discretion).

3. Nor did the district court abuse its discretion in denying Plaintiffs–Appellants the "extraordinary remedy" of amending the judgment, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.2011), because they had notice of the constitutional claims they sought to add to their complaint well before the district court granted the government's motion for judgment on the pleadings. Plaintiffs–Appellants thus were not entitled to Federal Rule of Civil Procedure 59(e) relief as such a motion should not be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (internal quotation marks and citation omitted).

**AFFIRMED.**

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.